UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID BROWN (#293387)               CIVIL ACTION

VERSUS

CASSANDRA TEMPLE, ET AL.            NO. 11-0797-JJB-DLD

## ORDER

This matter comes before the Court on the motion of a pro se inmate, Jeffery C. Clark, to intervene as a party-plaintiff in this proceeding. Rec.doc.no. 15.

The original pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Lt. Col. Cassandra Temple, Warden Burl Cain, Secretary James M. LeBlanc and Legal Programs Director Trish Foster, complaining that the defendants violated his constitutional rights by recording confidential telephone conversations between himself and his criminal attorney and by passing along information obtained from those conversations to the prosecution in the plaintiff's criminal proceeding.

In the instant motion to intervene, co-inmate Clark seeks to join herein as a party-plaintiff, asserting that the defendants are guilty of the same wrongdoing as to him. He has not, however, paid the Court's filing fee, nor has he filed a motion to proceed in forma pauperis herein.[1]

Although Rules 20 and 24 of the Federal Rules of Civil Procedure allow permissive joinder or intervention by a party-plaintiff who claims the existence of a common question of law or fact, such allowance is addressed to the Court's sound discretion, and the Court in the instant case does

---

[1] This and other Courts have interpreted the in forma pauperis statute, 28 U.S.C. § 1915, as requiring that each plaintiff in a multi-plaintiff prisoner proceeding pay the full amount of the Court's filing fee. See, e.g., Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004); Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001); Powers v. Clay, 2011 WL 6130929 (S.D. Tex., Dec. 8, 2011).

not believe that the interests of justice would be served by allowing an unrepresented co-inmate intervene as a plaintiff in this proceeding who will not be allowed to proceed in forma pauperis and who will likely be unable to pay the full amount of the Court's filing fee. A review of the records of this Court reflects that co-inmate Clark has previously asserted the same claim in a separate civil action before this Court, see Jeffrey C. Clark v. N. Burl Cain, et al., Civil Action No. 11-0271-JJB-SCR (M.D. La.), and that action was dismissed because Clark had failed to first exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. The dismissal in that case was explicitly entered with prejudice to Clark asserting the same claim or claims in forma pauperis in a separate proceeding. When Clark thereafter attempted to assert the same claims in a separate civil action, see Jeffery C. Clark v. N. Burl Cain, et al., Civil Action No. 11-0522-JJB-DLD, (M.D. La.), he was directed by the Court to pay the full amount of the Court's filing fee, and the action was dismissed when he was unwilling or unable to do so. It is likely in the instant case that Clark will be similarly unable or unwilling to pay the full amount of the Court's filing fee. Accordingly,

**IT IS ORDERED** that the Motion to Intervene of inmate Jeffery Clark, rec.doc.no. 15, be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on this 25th day of June, 2012.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE